62 473
133a 442

GEORGE PENNIMAN, Respondent, *v.* THE FULLER & WARREN COMPANY, Appellant.

*Venue — motion to change, because it is not the proper county — the demand therefor is too late when served with an amended answer.*

In an action brought to recover money on a written instrument neither party resided in the county where the venue was laid. The defendant served its answer nineteen days after the service of the complaint. Thirty-seven days thereafter it served an amended answer and a demand that the place of trial be changed to the county of the defendant's residence as the proper county.

*Held,* that the demand was too late.

That the answer, and not the amended answer, fixed the time for the service of the demand. (Code of Civil Procedure, §§ 984, 985, 986.)

Appeal by the defendant, the Fuller & Warren Company, from an order, entered in the office of the clerk of the city and county of New York on the 20th day of July, 1891, denying a motion for an order changing the place of trial of the action from the county of New York to the county of Rensselaer.

The plaintiff resided in Kings county, and the defendant was a corporation, whose certificate was filed in the Rensselaer county clerk's office, and whose principal place of business was in that county.

*A. Smith,* for the appellant.

*Barlow & Wetmore,* for the respondent.

Van Brunt, P. J.:

There is no question but that if the defendant has served its demand to change the place of trial in time that it is entitled to the

granting of the motion. This action was brought to recover a sum of money on a written instrument. The place of trial in the complaint being named as New York county. Nineteen days after the service of the complaint an answer was served by mail; and thirty-seven days thereafter the defendant served a demand that the place of trial be changed from New York county where the venue was laid on the ground that it was not the proper county because neither of the parties resided there, and on the same day served an amended answer, and the question presented is whether this demand was served in time.

Section 984 of the Code provides that an action not specified in the last two sections (of which the action in question was not one) must be tried in the county in which one of the parties resided at the commencement thereof. If neither of the parties then resided in the State, it may be tried in any county which the plaintiff designates for that purpose in the title of the complaint. Section 985 reads . " If the county designated in the complaint, as the place of trial, is not the proper county, the action may, notwithstanding, be tried therein, unless the place of trial is changed to the proper county, upon the demand of the defendant, followed by the consent of the plaintiff, or the order of the court." Section 986 provides that where the defendant demands that the action be tried in the proper county his attorney must serve upon the plaintiff's attorney with the answer, or before service of the answer, a written demand accordingly. The demand must specify the county where the defendant requires the action to be tried. If the plaintiff's attorney does not serve his written consent to the change as proposed by the defendant within five days after service of the demand, the defendant's attorney may, within ten days thereafter, serve notice of a motion to change the place of trial."

In the case at bar no demand was served with the answer, but such a demand was served with the amended answer. And it is claimed, upon the part of the plaintiff, that as the amended answer becomes the answer after it is served, such an answer comes within the spirit of the Code.

We do not think, however, that this construction can be sustained. It is evidently the intention of the Code that this demand should be made either at or before the time of joining issue. Issue is joined

by the service of an answer, and although that issue may be waived by the service of an amended answer, the service of an amended answer cannot extend the time thus limited by the Code for the service of the demand.

The demand must be made at or before the service of the answer, and the first answer served in the case is the one which necessarily limits the time. The issues are then joined, and, as already stated, it is the evident intention of the Code that this demand should be made either at or before the joining of issue.

The order should be affirmed, with ten dollars costs and disbursements.

BARRETT and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.